(Court of Appeal, Parish of Orleans).

# CAROLINA PORTLAND CEMENT COMPANY vs. GEORGE J. GLOVER ET AL.

1. Where the proof shows that certain material required for its construction is delivered at the building from time to time as needed during the progress of the work, and further shows that material of the identical character or quality of that delivered is actually used in said construction, this is a *prima facie* showing that the material delivered was actually used, within the meaning of our building laws, in the construction of the building sufficient to cast upon defendant, as a matter of defense, the burden of proving what part, if any, of such material was not in fact thus used or was diverted to other purposes.

2. A sworn statement which sets out in detail the dates and amounts of the several items of debits and of credits and which discloses whether the claim is for the furnishing of material, or of labor, or of both, evidences a compliance with the requirements of Act 134 of 1906 with reference to such "sworn statements."

Appeal from the Civil District Court, Division "E."

H. G. Stewart, for plaintiff and appellee.

P. M. Milner, Saunders, Dufour & Dufour, H. M. Ansley, for defendants and appellants.

GODCHAUX, J.—In this case, the plaintiff, a furnisher of material to the main sub-contractor, sued the main contractor and his surety for a balance due by the main sub-contractor. The main contractor thereupon called in warranty the main sub-contractor and the latter's surety and the last named surety in turn called in warranty its indemnitor. Judgment was rendered in favor of plaintiff against the main contractor and his

surety, with like judgment over in favor of said main contractor against the main sub contractor's surety and with like judgment over in favor of the latter surety against its indemnitor. The main contractor, the surety on his bond and the surety on the bond of the main sub-contractor each prosecutes a separate, suspensive appeal and the indemnitor prosecutes a devolutive appeal. All appeals have been consolidated in this court. No briefs in support of the suspensive appeals have been filed and the respective attorneys for these appellants, at the hearing in this court, submitted the cause without argument and with the statement of their conviction that the judgment appealed from is correct and should be affirmed.

The indemnitor charges that the transcript does not contain the proceedings and proof upon which plaintiff's claim and the judgment in its favor is founded, but in fact the record is apparently complete and the alleged deficiency does not exist. It is further claimed that there is no proof that the material which plaintiff furnished went into the construction of the building. However it is proved that such material was required for the erection of the building; that it was actually delivered there from time to time as needed during the progress of the work and that material of that identical character and quality was actually used in the construction of the building; and this is such a **prima facie** showing, under our builder's laws, that the whole of the material was used in the construction of the building, as would cast upon the defendant, as a matter of defense, the burden of proving what part, if any, was not thus used or was diverted to other purposes.

It is likewise charged that the "sworn statement" of the claim was not in conformity with Act 134 of 1906, in that it did not disclose the character, quality or description of the material furnished. The act does not require

such disclosure, and a sworn statement which, as in the present instance, sets out in detail the dates and amounts of the several items of debit and of credit and discloses whether the claim is for the furnishing of labor or of material or of both, evidences a compliance with the statutory requirements.

There is no error in the judgment appealed from and it is affirmed.